UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRENDA MCFARLANE,

                        Plaintiff,

        -against-

ELAINE L. CHAO, Secretary of
the Department of Labor,

                       Defendant.
-------------------------------------------------------------------x

ORDER
04 CV 4871 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

In an employment discrimination and retaliation action, brought under the Rehabilitation Act of 1973 and the Family Medical Leave Act ("FMLA") respectively, defendant moved for summary judgment. The motion was referred to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("Report"). The magistrate judge recommended that the motion be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). When no objections are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Magistrate Judge Pitman advised the parties that failure to file timely objections would result in a waiver of those objections and preclusion of appellate review. Neither of the parties filed objections, and the time in which to do so has expired.

After reviewing the Report, the Court finds that the magistrate judge properly found that neither of plaintiff's claims can withstand summary judgment. Plaintiff failed to sustain her

minimal burden of establishing a *prima facie* case of discrimination.  As the magistrate judge

found, even if plaintiff had met this burden, she failed to sustain her ultimate burden of

demonstrating, or raising a genuine issue of material fact, that the legitimate, nondiscriminatory

reasons proffered by defendant are pretextual and that the true reason for defendant's action was

discriminatory and/or FMLA retaliatory animus.[1]

Accordingly, the Report's recommendations that defendant's motion for summary

judgment be granted is adopted.  This case is dismissed.

Dated: New York, New York
       March 30, 2007

SO ORDERED:

GEORGE B. DANIELS
United States District

---

[1] The magistrate judge found that plaintiff had also failed to make a *prima facie* showing with regard to the FMLA retaliation claim because, when the adverse employment action occurred, plaintiff was on medical leave unable to perform the functions of her position, and hence she was not "qualified."  The mere absence of plaintiff from the workplace, as a result of her exercising her protected rights under the FMLA, does not render her unqualified for her position.  Accordingly those portions of the Report addressing plaintiff's failure to establish a *prima facie* case of FMLA retaliation are rejected.